Anthony D. Johnston (SBN 244282)
Attorney at Law
Johnston & Johnston Law Corp.
1600 G Street, Suite 102
Modesto, California 95354
Telephone: (209) 579-1150
Facsimile: (209) 579-9420

Attorney for Chapter 7 Trustee,
Michael D. McGranahan

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 12-92576 |
| Michael Alan Kellogg and Laura Jean Kellogg; AKA Mike Kellogg; DBA Kellogg Environmental Inc. DBA Environmental Systems; FDBA Ron's Water Truck, Inc., | Chapter 7 Case<br><br>D.C. No. ADJ-2 |
| Debtors. | Hearing<br>Date:  May 2, 2013<br>Time:  10:30 a.m.<br>Place: 1200 I Street, Suite 4<br>         Modesto, California |

## MOTION FOR AUTHORITY TO SELL SHARES OF STOCK OF KELLOGG ENVIRONMENTAL, INC., A DELAWARE CORPORATION

Michael D. McGranahan, (the "Trustee"), in his capacity as Chapter 7 Trustee for the bankruptcy estate of Michael Alan Kellogg and Laura Jean Kellogg, brings this motion to sell all outstanding shares of stock of Kellogg Environmental Inc., a Delaware corporation (the "Shares"), which were owned by Michael Kellogg and Jean Kellogg (the "Debtors") as of the petition date, which Shares are property of the bankruptcy estate.

Motion for Authority to Sell Shares of
Stock of Kellogg Environmental, Inc.,
a Delaware Corporation                    Page 1

This motion is brought pursuant to 11 United States Code § 363 (b)(1) and Federal Rule of Bankruptcy Procedure 6004 (a), and pursuant to the notice requirements of Local Rule 9014-1(f)(2). In support of this motion, the Trustee respectfully represents:

1. On September 28, 2012, the Debtors filed a voluntary petition in this Court under Chapter 7 of Title 11, United States Code. The Trustee was appointed interim trustee in this case on September 28, 2012 and thereafter became permanent trustee, a position he continues to hold.

2. This motion seeks authority to sell property of the estate out of the ordinary course of business pursuant to 11 U.S.C. § 363 (b)(1).

3. The Debtors owned the Shares as of the petition date of September 28, 2012, 2012. The Shares represent 100% of the issued and outstanding common shares of stock of Kellogg Environmental, Inc., a Delaware corporation (the "Corporation"). The Corporation's common stock is the only class of stock of the Corporation.

4. Filed as EXHIBIT "A" in support of this motion is the balance sheet for the Corporation, as of September 28, 2012 (the "Balance Sheet"). The Balance Sheet was prepared by the Debtors, with the assistance of Jeffrey Bowman, the certified public accountant for the Corporation. The Corporation shows bank deposits of $11,500.93, accounts receivable of $11,917.21, and fixed assets of furniture and equipment with a book value of $30,900.00, for *total assets of $54,318.14.*

5. The Balance Sheet shows the following liabilities: accounts payable of $3,842.94, credit card of $10,791.25, sales tax payable of $238.36, loan payable to BK Trust of $20,000.00, loan payable to shareholder of $8,800.00, and note payable to Ron's Water Truck, Inc., of $30,900.00, *for total liabilities of $74,572.55.* Accordingly, the *net shareholders' equity was negative $20,254.41.*

6. The Trustee has disregarded the $8,800.00 loan to shareholder for valuation purposes because the Debtors own 100% of the Shares.

7. The Debtors own a 22% interest in Ron's Water Truck, Inc. Filed as EXHIBIT

"B" in support of this motion is the balance sheet for Ron's Water Truck, Inc., as of December 31, 2012. Said balance sheet was prepared by the Debtors, with the assistance of Jeffrey Bowman, the certified public accountant for Ron's Water Truck, Inc. Ron's Water Truck, Inc., is clearly insolvent. The book value of its assets is $46,919.57, with total liabilities of $210,971.32. Accordingly, the *net shareholders' equity was negative $164,051.75.* The Trustee has disregarded the debt of $30,900.00 owed to Ron's Water Truck, Inc., in valuing the subject Shares.

8. Again, based on the Balance Sheet, the book value of the Shares (shareholders' equity) is negative $20,254.41. If the loan to shareholder of $8,800.00 is disregarded, and the loan to Ron's Water Truck, Inc., is disregarded, the book value of the Shares is $19,445.59. (The purchase price for the Shares, as set forth below, is $45,350.00, which is $25,904.41 greater than the book value of the Shares.)

9. Rather than claiming an exemption in the Shares, (i) the Debtors claimed an exemption in the accounts receivables of the Corporation pursuant to California Code of Civil Procedure Section 703.140(b)(5) in the amount of $11,917.21; (ii) the Debtors claimed an exemption in the equipment and supplies of the Corporation pursuant to California Code of Civil Procedure Section 703.140(b)(6) in the amount of $2,200.00; and, finally, (iii) the Debtors claimed an exemption in the equipment and supplies of the Corporation pursuant to California Code of Civil Procedure Section 703.140(b)(5) in the amount of $11,232.79. The total claimed exemptions relative to assets of the Corporation are $25,350.00, which shall be referred to collectively as the "Exemption." The Debtors could have claimed an exemption in the Shares pursuant to California Code of Civil Procedure Section 703.140(b)(5).

10. The Trustee has entered into the Stock Purchase and Sell Agreement with the Debtors whereby the Debtors have agreed to purchase the Shares for $45,350.00 (the "Purchase Price"). A copy of the Stock Purchase and Sell Agreement is filed as EXHIBIT "C" in support of this motion. The Purchase Price will be paid as follows:

      a. The Trustee will credit the Debtors in the amount of $25,350.00, which is equal to the claimed exemption; and

      b. The Debtors have deposited $20,000.00 with the Trustee, which will be applied to pay the remaining balance of the Purchase Price upon the closing of the sale and purchase of the Shares.

(The net cash purchase price, after application of the credit for the Exemption, is $20,000.00 (Purchase Price of $45,350.00 - Exemption amount of $25,350.00 = $20,000).)

11. If a higher bidder is successful at the hearing on this motion, the successful bidder will be responsible for preparing any purchase agreement, on the terms set forth in Paragraph 14, below.

12. Authority for this motion to sell assets is found in 11 U.S.C. § 363(b)(1): "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . " Selling shares of stock of this bankruptcy estate is not a transaction in the ordinary course of business.

13. Notice of the proposed sale of the Property shall be made pursuant to Federal Rule of Bankruptcy Procedure 6004(a). Notice is not required under subsection 7A of the Clayton Act; thus, the notice of provisions of 11 U.S.C. § 363(b)(2) do not apply. Notice of the proposed sale of the Property shall also be made pursuant to Local Rule 9014-1(f)(2).

14. If any prospective bidder wishes to make a higher offer in the form of a bid for the Shares, the Trustee respectfully requests the following requirements: At least seven days prior to the hearing date on this motion, a prospective bidder must (1) contact the Trustee; (2) provide the Trustee a cashier's check, drawn on a California bank, in an amount equal to or greater than $20,000.00 (the Debtors' deposit equals $20,000.00); and (3) sign a contract which is identical to the Stock Purchase and Sell Agreement between the Trustee and the Debtors, except for the purchase price, which will be determined through bidding at the hearing on this motion, and except the bidder will not receive a

Motion for Authority to Sell Shares of
Stock of Kellogg Environmental, Inc.,
a Delaware Corporation          Page 4

credit on the Purchase Price for the Exemption. The Trustee recommends a minimum opening bid of $46,350.00, with minimum incremental bids of $200.00. The Debtors and any bidders must be present at the hearing on this motion. Pursuant to Section 1.5 of the Stock Purchase and Sell Agreement, if the Debtors are out bid and a third party purchases the Shares, then the Trustee shall pay the Debtors from the sale proceeds the amount of $25,350.00, which is equal to the Exemption.

15. The Trustee's certified public accountant, Maria Stokman, has estimated that the capital gain tax due on the sale of the Shares will be approximately $4,000.00 for federal and California combined.

16. The Trustee respectfully requests the court to waive the 14 day stay provision of Federal Rule of Bankruptcy Procedure 6004(h) so as to allow the sale of the Shares immediately upon entry of an order.

WHEREFORE, Michael D. McGranahan, acting in his capacity as trustee, respectfully prays for an order of this Court:

1. Authorizing the sale of the Shares for the sum of $45,350.00 on the terms outlined in the Stock Purchase and Sell Agreement filed herewith as EXHIBIT "C" (including but not limited to approval of the Trustee's application of a credit in the amount of $25,350.00 toward the Purchase Price for the Exemption, for a net cash purchase price of $20,000.00), assuming there is no better offer presented at the hearing on this motion; or

2. Authorizing the sale of the Shares to any party which presents a better offer at the hearing on this motion, in accordance with the terms of Paragraph 14 of this motion;

3. Authorizing, if the Debtors are out bid and a third party purchases the Shares, the return to the Debtors of any and all deposits;

4. Authorizing the Trustee to execute all documents which are necessary or convenient to complete the transaction; and

5. Waiving the 14 day stay provision of Federal Rule of Bankruptcy Procedure

1. 6004(h) so as to allow the sale of the Shares immediately upon entry of an order.

2. Dated: April 11, 2013

Respectfully submitted,

/s/ Anthony D. Johnston

Anthony D. Johnston
Attorney for Trustee,
Michael D. McGranahan

Motion for Authority to Sell Shares of
Stock of Kellogg Environmental, Inc.,
a Delaware Corporation                    Page 6