1   Anthony D. Johnston (SBN 244282)
2   Attorney at Law
    Johnston & Johnston Law Corp.
3   1600 G Street, Suite 102
    Modesto, California 95354
4   Telephone: (209) 579-1150
    Fax: (209) 579-9420
5
    Attorney for Chapter 7 Trustee
6   Michael D. McGranahan

7

8

9                   UNITED STATES BANKRUPTCY COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12  In re                               Case No. 12-92576
                                        Chapter 7 Case
13  Michael Alan Kellogg and Laura Jean  D.C. NO. ADJ-3
    Kellogg; AKA Mike Kellogg; DBA
14  Kellogg Environmental, Inc. DBA      Hearing
    Environmental Systems; FDBA Ron's    Date:      May 2, 2013
15  Water Truck Inc.,                    Time:      10:30 a.m.
                                         Location:  1200 I Street, Suite 4
16      Debtors.                                    Modesto, California

17

18  _____ /

19

20          MOTION FOR AUTHORIZATION TO SELL PERSONAL
21                    PROPERTY TO DEBTORS

22       Michael D. McGranahan, the trustee of the Chapter 7 bankruptcy estate (the

23  "Trustee") in the above-captioned case, hereby moves the court for an order authorizing

24  him to sell one (1) 2005 Ford F-250 Extended Cab XLT Truck, VIN: 1FTNX20535EB56245

25  (the "Truck"), which is property of the bankruptcy estate, to Michael Alan Kellogg and

26  Laura Jean Kellogg (the "Debtors"):

27       1.  On September 28, 2012, the Debtors filed a voluntary petition under Chapter 7

28  of Title 11,  United States Code.  The Trustee was appointed interim trustee in the Case

on September 28, 2012, and thereafter became permanent trustee, a position the Trustee continues to hold.

2. This motion seeks authority to sell property of the estate out of the ordinary course of business pursuant to 11 U.S.C. § 363 (b)(1).

3. There are no liens encumbering the Truck. The Truck is subject to a debtor exemption in the amount of $2,500.00 pursuant to California Code of Civil Procedure Section 703.140(b)(2) (the "Exemption").

4. Authority for this motion to sell the asset is found in 11 U.S.C. § 363(b)(1): "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . " The Truck is property of the estate. Selling a vehicle is not in the ordinary course of business in this case.

5. The Trustee has entered into the Purchase and Sell Agreement with the Debtors whereby the Debtors have agreed to purchase the Truck for $10,000.00 (the "Purchase Price"). A copy of the Purchase and Sell Agreement is filed as EXHIBIT "A" in support of this motion. The Purchase Price will be paid as follows:

        a. The Trustee will credit the Debtors in the amount of $2,500.00, which is equal to the claimed Exemption; and

        b. The Debtors have deposited $7,500.00 with the Trustee, which will be applied to pay the remaining balance of the Purchase Price upon the closing of the sale and purchase of the Truck.

(The net cash purchase price, after application of the credit for the exemption, is $7,500.00 (Purchase Price of $10,000.00 - Exemption amount of $2,500.00 = $7,500.00).)

6. The Trustee personally inspected the Truck. The Trustee believes that the fair market value of the Truck is $10,000.00. The Trustee believes that a sale back to the Debtors is in the best interest of creditors and will bring the best possible price. The Trustee would incur the expense of a commission if the Truck were sold by auction.

7.  If a higher bidder is successful at the hearing on this motion, the successful bidder will be responsible for preparing any purchase agreement, on the terms set forth in Paragraph 9, below.

8.  Notice of the proposed sale of the Property shall be made pursuant to Federal Rule of Bankruptcy Procedure 6004(a).  Notice is not required under subsection 7A of the Clayton Act; thus, the notice of provisions of 11 U.S.C. § 363(b)(2) do not apply.  Notice of the proposed sale of the property shall also be made pursuant to Local Rule 9014-1(f)(2).

9.  If any prospective bidder wishes to make a higher offer in the form of a bid for the Truck, the Trustee respectfully requests the following requirements: At least seven days prior to the hearing date on this motion, a prospective bidder must (1) contact the Trustee; (2) provide the Trustee a cashier's check, drawn on a California bank, in an amount equal to or greater than $1,000.00; and (3) sign a contract which is identical to the Purchase and Sell Agreement between the Trustee and the Debtors, except for the purchase price, which will be determined through bidding at the hearing on this motion, and except the bidder will not receive a credit on the Purchase Price for the Exemption. The Trustee recommends a minimum opening bid of $10,500.00, with minimum incremental bids of $100.00.  The Debtors and any bidders must be present at the hearing on this motion.

10.  The Trustee respectfully requests the court to waive the 14 day stay provision of Federal Rule of Bankruptcy Procedure 6004(h) so as to allow the sale of the Truck immediately upon entry of an order.

WHEREFORE, the Chapter 7 Trustee, prays for an order of this Court:

1.  Authorizing the sale of the Truck for the sum of $10,000.00 on the terms outlined in the Purchase and Sell Agreement filed herewith as EXHIBIT "A" (including but not limited to approval of the Trustee's application of a credit in the amount of $2,500.00 toward the Purchase Price for the Exemption, for a net cash purchase price of $7,500.00), assuming there is no better offer  presented at the hearing on this motion; or

2.  Authorizing the sale of the Truck to any party which presents a better offer at the hearing on this motion, in accordance with the terms of Paragraph 9 of this motion;

3.  Authorizing, if the Debtors are out bid and a third party purchases the Truck, the return to the Debtors of any and all deposits;

4.  Authorizing the Trustee to execute all documents which are necessary or convenient to complete the transaction;

5.  Waiving the 14 day stay provision of Federal Rule of Bankruptcy Procedure 6004(h) so as to allow the sale of the Truck immediately upon entry of an order; and

6. Such further relief that the Court deems proper.

Dated: April 11, 2013

Respectfully submitted,

/s/ Anthony D. Johnston

_____
Anthony D. Johnston
Attorney for Trustee,
Michael D. McGranahan

Motion for Authorization to Sell Personal
Property to Debtors                              Page 4